Ewing, C. J.
Two reasons were assigned for the reversal of the judgment in this ease
*146 i: The omission of the justice to charge the jury as required by the counsel of the defendant. I shall take the facts in support of this reason from the affidavit read on the part of the defendant below, the plaintiff in certiorari. The deponent states, he called upon the justice to charge the jury in the following manner, and to prevent misapprehension on the nature of the charge, reduced the same to writing, and handed it to the justice in the following words, to wit: “ that in as much as it. appeared from the evidence, that the complainant having mortgaged the premises in question, to the estate of William Chapman, dec. and that in consequence of his being unable to satisfy the same, or even the interest, and had agreed with Isaac Ivins, one of the executors of the said deceased, to give possession, and had removed therefrom earfy in April, and that said executor had taken possession accordingly, and leased the same to the defendant, that this being so the defendant’s possession was lawful, and that their verdict ought to be in his favorand that instead of conforming to their request and making such charge to the jury, on the contrary, the justice merely read two sections of the act under which the suit was brought, saying that was the law on the subject, and they would have it before them, and did no't make any other charge on the matter.
The justice was not requested to give a general charge upon the law of the ease. .The affidavit makes no such assertion, nor indeed could it have been permitted, for the justice in answer to a rule taken at the instance of the plaintiff' in certiorari, explicitly states that no general charge was called for. The counsel, before the justice, stated a specific proposition, and required the justice so to charge. Now it is incontrovertible that this court; cannot reverse, on account of the omission of the justice to comply with the requisition, unless it be first made clearly to appear that the proposition was warranted by the evidence, and necessarily involved in the verdict to be rendered; yet no such thing has been made to appear before us, nor has it even been attempted. The legal conclusion contained in the proposition is supposed to flow from certain facts, the mortgage, the agreement to give possession, the removal from the premises, the taking possession by the executor, and the lease to the defendant, all which are stated in the proposition to have appeared in the evideuce. It will be admitted that the charge as required, would *147 have boon improper, and the justice right in refusing it, if those facts had not appeared in the testimony. It will be farther admitSed, that the statement of these facts in the proposition submitied to the justice, is no proof to us that they did so appear. However sound then the legal conclusion might be, if the facts 9xiste.d, wo cannot reverse unless it were shewn, as a bill of exceptions, when properly drawn, always does shew, that the facts did exist. The impropriety of a reversal would be very obvious, if no one of these matters had been proved, and so may the truth be for aught to the contrary made manifest before us. Those are the very doctrines of the cases acted by the counsel of the plaintiff in certiorari. In Broadwell v. Nixon, 1 South. 362, the judgment of the justice was reversed, because he refused when requested by the defendant, to state to the jury the law on a particular question. But it appeared to this court, and so says the report, that the evidence presented that question to the court and jury. In Todd v. Collins, 1 Holst. 127, the propriety of the specific charge requested was made manifest, and before a reversal was ordered. The rule I have stated is a sound one, and will bo found uniformly sanctioned whenever it has become the subject of observation. In Calbreath v. Gracy, 1 Wash. Cir. Co. 201, it was held that the omission of the court ‘¿o charge the jury upon important points of law involved in the oase, when not requested so to do, is no reason per se for granting a new trial. In Etting v. the Bank of the United States, 11 Wheat 75, Chief Justice Marshall said, that a judge cannot be required to declare the law on hypothetical questions, which do Bot belong to the cause, has been frequently asserted in this ujourt, and is we believe incontrovertible. The court may at any time refuse to give an opinion on such a point, and if the party propounding the question is dissatisfied with it, he may except to the refusal, which exception will avail him if, mark the condition, if he shews that the question was warranted by the testimony, and that the opinion he asked ought to have been given. The subject is viewed in the same light in the courts of Virginia and Pennsylvania. Preston v. Harvey, 2 Hen. & Munf. 55. Covert v. Irwin, 3 Serg. & Rawle 289. Brown v. Caldwell, 10 Mid. 117. 14 Ibid. 225.
2. The second reason impeached the form of the judgment as to costs, After, in the manner sanctioned by severa! decisions *148 of this court, rendering judgment that the plaintiff have restitution, &c. The justice adds, “and also that he recover against the said James Davison forty-six dollars and thirty-two cents, being treble the costs and charges of the said Benjamin Schooley, by him about this suit in this behalf expended, adjudged by me to the said Benjamin Schooley according to the form of the statute in such case made and provided.” It was insisted the single costs should have been first mentioned, and then the treble sum; and the entry, in 2 Lilly 325, was referred to where, in prohibition, a writ of consultation was awarded, and after the damages and costs are first separately stated, the following clause is added, “ which said costs, charges, and damages, being doubled according to the form of the said statute, amount in the whole to £6. 2. 0, &c. Much respect is certainly due to a course of precedents, and even to- a single approved precedent. Id the English courts both forms are used. In Bingham on judgments 356, is a precedent in these words i.“ It is further considered by the court here, that the said C. D. do recover against the said A. B. the sum of - — -l. for his double costs of suit in this behalf by the said court here adjudged, &c. In Dunbar v. Hitchcock, 3 Maule & Selw. 591, is a similar judgment for treble costs.' But whatever may be the formal mode of making up the judgment in courts proceeding strictly according to the course of the common law, it is certain that this mode of entry has not been the practice upon complaints of forcible entry and detainer under our statute. On the contrary the entry made in the present case has been adopted and sanctioned, and it would, it is believed, be difficult to maintain that any thing more is required by our statute which directs the justice to record the verdict “ and to give judgment thereon with treble costs.” In Kerr V. Phillips, 2 South. 818, the judgment was in form like the present. Justice Southard, noticing an error in respect to the costs not mentioned by the other judges, said, the judgment too is for the costs of both plaintiff and defendant, which is error and cause of reversal. But any exception as to the form, either .escaped his notice or was deemed unavailing. In Mairs v. Sparks, 2 South. 513, in forcible detainer, the judgment was “ that the said J. S. do have restitution of the possession of the said messuage, &c. and also that she recover $54.49, being the treble costs, &c.” To the judgment for costs, exception was íá« *149 ken. not indeed as to the form, or that the single costs, and then the treble sum should have been stated, but that the coM;s should not have been actually trebled. The court overruled the objection and sustained the entry. The mode of entry in the ease before us, is the form prescribed in Griffith's Treatise, a precedent prepared, with deliberation, by an able lawyer, and entitled to the same kind, if not indeed to the same degree, of respect as the precedent in Lilly. If necessary, it might be further remarked, that substance rather than form, in the proceedings of justices has been the object of our legislation. It is not easy to perceive what substantial superiority exists, or what desirable advantage is attained by the form which gives first the single costs, and then states how much the amount is when trebled, over the form here adopted, which giving the treble costs, leaves the other to be known by one of the most simple of arrithmetical operation!.'. There is no ground for reversal in this respect
.Let the judgment be affirmed,
Drake, J.
This certiorari is brought to reverse the judgment af a justice of the peace rendered on a complaint of forcible entry and detainer. The form of the judgment is objected to. It h copied from that contained in Griffith's Treatise, p. 382; and it has already undergone the judicial review of this court, and been held sufficient, Mairs v. Sparks, 2 South, p. 513. It had been before decided, that the justice was not bound to make out a regular bill of costs, in the case of Gould v. M'Kee, Pennington's reports, p. 475.
But the objection principally relied upon, is the refusal of the justice to charge the jury. Affidavits have been road to prove this, but the witnesses leave the fact somewhat doubtful. Some of them say, that he merely read some sections of the law to the jury. Others, that he also made some remarks upon if, the amount of which they do not exactly recollect. This court has reversed judgments for this reason ; but they will not do it unless it be made apparent to them, that there was a refusal to charge on a point of law, which arose out of the facts proved in the caso, and material to a correct verdict of the jury upon those facts. The state of the ease presents the precise words of the charge requested, containing a statement of facts, which might be sufficient, if trae, to justify the direction to the jury, *150 which was desired. But the justice was not bound to teli the jury that these were the facts ; nor is this court bound, or at lib.erty, to presume them so. They are not established before us j nor do I perceive that any attempt has been made for that purpose, except that, in relation to the mortgage and lease being offered in evidence, a question is asked the justice, and he answers “ that he saw no such papers offered.” This court cannot say, that the justice refused to charge on a point of law material to the issue, and of course cannot reverse on this ground.
Judgment affirmed.